In The United States District Court
for The Middle District of Alabama

Northern Division

RECEIVED
2005 SEP 20 A 10: 07
BRA__ HACKETT CLK
U.S. _TRICT _OURT
_IDLE DISTRICT ALA

PERRION ROBERTS                )
          Plaintiff            )     Case # 2:05-CV-578-7
                               )
v.                             )
Donal Campbell, et al          )
          Defendants           )


Plaintiff's response to defendants: Donal Campbell,
Gladys Deese, Frank Albright, and Lenita Hawthorne.

Plaintiff submits this response to the defendant's arguments
with her exhibits including a Declaration pursuant to U.S.C.
1746.

The FRCP 8 A2 requires only "a short and plain
statement showing that the pleader is entitled to relief. This
has been done; the Supreme Court has held that notice
pleading is sufficient 1983.

The defendants was made aware of the unconstitutional,
unwilling, unreasonable level of second hand tobacco smoke
so strong that I am being awake from sleeping because of
the smell of tobacco smoke, including filter and non-
filtered cigarette products, introducing unidentified
particles in the air.

The prohibition/Restriction of Inmates to smoke inside this facility indicates that the defendants have already recognized that their failure to adequately control in house smoking and failure to enforce their own policies, rules and regulation as well as other known factors, the request by the defendants for:

1. Immunity
2. Dismissal
3. Summary Judgment

Should be denied.

...As I have expounded on previous levels that poses an unreasonable risk to my present and future health, the Eighth Amendment has been violated - Cruel and unusual Punishment Clause

"ETS", - Environmental Tobacco Smoke.

Pursuant to FRCP 8 A2 requiring only a short and plain statement showing the pleader or pleaders is entitled to relief.

Planintiff asserts that this has been done:

The Supreme Court has held notice pleading is sufficient for 1983

Pursuant to 28 U.S.C. 1331 and 1343 (A) (3) this court has jurisdiction over plaintiff federal claim.

## Cause of Action

Count I

The deliberate indifference of the defendants to protect the Plaintiffs against substantial risk and harm to the non-smoker's health presently being:

1. Aggravated
2. Exacerbated

Future harm to the non-smoker's health and safety that can medically be Attributed to second hand tobacco smoke

Count II

For future damages non-smokers being subjected to

unconstitutional levels of passive second hand smoke.
The Defendants has deprived and continues to deprive plaintiff(s)
of their right under the Due Process Clause of the 14th
Amendment to U.S.C.A

Count III

Failure of the Defendant to adequately monitor and take
disciplinary actions not based on the violation but:

1. Who you are
2. How the Officer feel about you
3. Inmates are assigned extra duties as punishment
   for being caught smoking by certain officers. NO
   continuity in disciplinary actions for inmates
   caught smoking.

Count IV

The diliberate indifference shown by the Defendants to the
Plaintiff(s) (non-smoker) medical Conditions:

I. Defendants are not entitled to qualified Immunit

Defendants argue that the doctrine of qualified immunity
shields them from liability in violation of an established
Constitutional Right

Their decision to sell cigarettes to inmates without
proper warning of the health hazards to non-smoking
inmates (me) being housed in the dorms with very
limited living space

Failure to control smoking inside the facility based on their rules and regulations

As a non-smoking inmate suffering from health problems already known to the defendants by being exposed to unreasonable levels of second hand smoke conditions known and unknown has been and will be: Present and in the future:

1. Aggravated
2. Exacerbated

**II** Eighth Amendment Clause Cruel and Unusual Punishment

give me a cause of action as well as my belief that the defendants have with diliberate indifference — exposed me to levels of ETS that posed an unreasonable risk of serious damage to my future health

**III** The Prohibition / Restriction

of smoking inside the facility in question. According to the defendant's Rule Number 008, in an indication that the defendant's have already recognized that as a non-smoking inmate there is a need to be protected from "ETS". As the plaintiff it is my belief because of their failure to adequately control in house smoking this does not shield them from liability in this civil action.

**IV**

The defendants knowingly provided access to tobacco products for profit in a control environment totally, deliberately, willfully, disregarding

subbstantial risk to serious need and in the future

V

The defendants in his/her individual and official capacities reasonably should know what the Constitution requires provided to me an inmate as well as a non-smoker

Plaintiff in providing Exhibits, Declaration, Cases cited request for Dismissal and or Summary Judgment should be denied

Air pollution (tobacco smoke is an air pollutant) results in increased number of deaths among people with Cardiac and Respiratory Diseases

A striking increase in the number of deaths among the person who already suffers from Heart and Chronic Lung Diseases

VI

Each defendant in his or her official and individual capacity through in-service and training:
Should be able to maintain a certain level of knowledge as to what the Constitution requires
   (A) In protecting me as an inmate/non-smoker
   (B) The changes in society's attitude involving Prisoner being subjected to "ETS".

# Factual Allegations

I. Tutwiler Prison For Women (Annex) is located in Wetumpka, Alabama. Inmates are housed in two separate units known as Dorm 11 and 12

II. Each dorm consist of no more than 8-10 cubes:
   A. Each cube housing 15-16 inmates in very limited living space
   B. Twelve to thirteen of the sixteen inmates smoking inside the facility during a 24 hour period.

III. The Annex is understaffed at times there have been only one officer to each housing unit (dorm) with 110-120 women assigned
   A. Officer in dorm 11 having to monitor the pill line at this time no officer monitors the dorm, only when a certain sergeant work is the dorm monitored during pill call.

IV. Defendants in charge of the policy making and supervision have failed to implement adequate smoking control. Constantly subjecting me, a non-smoker to unwillingly levels of second-hand tobacco smoke. Official knowledge of a substantial risk to present and future health

Others have filed: As well as myself
   1. Inmate request
   2. filed lawsuits
   3. Written letters
   4. If the court will have someone to inspect the dorms at the Annex evidence is obvious even a layperson can see evidence of excessive smoking:
      A. Commode seats with cigarette burns

b. Match Stems on the floor

c. Creamer packages used for ashtrays

d. Cigarette butts in the bathrooms, shower, and living area

5. Cigarette butt cans immediately on entrance and exits of the doors

6. In exiting or entering the doors a cloud of smoke is the first thing you see

7. I have observed inmates walk inside the dorm and blow out smoke into the dorm.

V Cigarette butt cans as well as smoking:

A. Butt cans immediately at the entrance and exit of each dorm

B. Smoking immediately at the entrance and exit of each dorm

Fact: On one occasion Dorm 11 inmates had to be evacuated due to what was said to be an electrical fire. The dorm filled with smoke and the fire and smoke alarm never went off. An inmate being awaken for work alerted the authorities.

As the Plaintiff in this case according to Rule Number: 009 the policy restricts smoking inside the facility. As well as within ten (10) feet of the entrance or exits, etc.

There is NO "Smoking Policy" in effect being in a controlled environment. Cigarettes are only obtainable in the Quantity that permits me to be subjected to the unreasonable amount of second-hand smoke purchased from canteen

Criminal Law - 1213.10 (1)

1. It is undisputed that treatment prisoners receive in prison and conditions under which he is confined are subject to scrutiny under the Eighth Amendment USCA Constitution Amendment Eigh

2. Criminal Law - 1213.10(3)

3. Criminal Law - 1213.10(3)        Prisons - 17(2)


In Avery v. Powell, 695 F. Supp. 632 (D.N.H. 1988)


The District Court declined to dismiss an Eighth Amendment claim based on exposure to ETS. The Court first determined that because widely accepted scientific evidence shows that ETS poses health hazards, unwanted exposure to ETS may be punishment within the meaning of the Eighth Amendment. Id at 639


The Court they ruled that our society's attitude have evolved to the point that unwanted exposure to ETS may amount to violation of "society's evolving standard of decency."
Id at 639-40.


In Clemmons v. Bohannon, 918 F. 2d 858 reh'g en banc granted. 1990 WL 146949, 1990 US. App. Lexis 20375 (10th Cir. 1990), The Tenth Circuit agreed with Avery in holding that indefinite double-celling of smokers with non-smokers against their expressed will can amount to a violation of the Eighth Amendment


The Court in Clemmons

It is established that conditions in a prison that threaten a prisoner's health constitute cruel and unusual punishment.

Scientific evidence is clear that exposure to ETS can have serious adverse health consequences.

To determine the prevailing attitude of society, the review of statues and regulations that society has enacted restricting smoking in certain places. A significant percentage has been passed by lawmakers motivated by health concerns about exposure to ETS

The American Jailers Association, which represents 6500 jail administrators, passed a resolution endorsing bans on smoking by inmates.

The review of Legislation and regulations shows that society sees the need to protect non-smokers from involuntary exposure to ETS, which is increasingly regarded and medically proven to be a hazard to the health of non-smokers.

## Evidence
### Circumstantial

I. Ceiling discoloration from what I believe or appears to be tobacco residue

II. Smoke detectors not in working order, no matter how much smoke is in the dorm

III. Toilet seats have cigarette burns on them.

IV. Match stems on the floor in the bathrooms, showers and living areas.

Facts:

I. Prison officials have a Constitutional duty to protect inmates. The defendants argue that the doctrine of qualified immunity shields them from liability for their failure to control smoking inside a NO Smoking Facility (inside).

The official/defendant policy, Custom and action/inaction caused the violation of my Constitutional right as afforded by the Eighth Amendment, cruel and unusual Punishment that was not part of my sentence.

## Immunity

~~thing 2~~

Any assertion of Immunity should be denied where as In 1993 Helling V. Mc Kinney, the Supreme Court Ruled:

Officials act with Deliberate Indifference if they knowingly expose an inmate to levels of second-hand smoke (tobacco) "that pose an unreasonable risk of serious harm to his/her future health.

Mc Kinney V. Anderson, 924 F. 2d 1500, 1512 (case 1991)

The Court concluded that society's Attitude had evolved to the point that involuntary exposure to unreasonably dangerous levels of ETS violated current standards of decency. Id., at 1508

Officials actually knew the risk. See Exhibits

The exposure to unconstitutional, unwilling, unreasonable levels of second-hand smoke (tobacco) has been long standing and persuasive. Smoking as well as non-smoking inmates can testify to the circumstances surrounding this claim.

I. What appears to be Nicotine residue noted on ceilings in inmates living areas which is discolored.

II. A ceiling in dayroom where smoking is not done is / can be noted not to appear discolored

III. Bathroom commode seats have cigarette burns
A. Match stem are seen on the floor

IV. Cigarette residue in the shower areas.

V. Butt cans at the entrance / exit


United States v. Lanier, 520 U.S. 259, 270 (1997

Facts:

I. Smoking in bed is a known fire hazard

II. Paper creamer packages are used as ashtrays

III. Butt cans are placed directly beside the entrance and exit of doors. You walk through a cloud of smoke immediately at the entrances and exit doors of Dorm 11 and 12.

Facts: the policy states no smoking within ten (10) feet of an entrance or exit. This is not enforced. Some officers are observed violating this policy also.

IV. Cigarette smoking is known to be addictive and a habit that is hard to break.

### Deliberated Indifference

The U.S. Supreme Court explained what Del Ind means in its 1994 decision, Farmers v. Brennan

In Farmer, the Supreme Court held that an official acts with Del Ind when he or she "knows that inmate face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

In filing this 42 U.S.C. 1983 according to the "PLRA" requirement all remedies available at Tutwiler Prison (Annex was exhausted including letters to the Commissioner.

I. Officials knew or reasonably should have known about the risk and aggravation of my serious medical conditions by being exposed to unwillingly, unconstitutional levels of second-hand smoke.

II. Failed to respond reasonably to that risk to my present medical conditions and future risk for lung cancer.

# Factual Allegations

Substantial risk or harm because of the failure to enforce rules, policies, and regulations of Alabama Department of Corrections Tutwiler Prison for Women Annex

I. Tutwiler Prison for Women (Annex) is located in Wetumpka, Alabama. It is documented as being overcrowded. Inmates are housed in two seperate units, Dorm 11 and 12, Annex.

II. Each dorm consists of no more than eight (8) to ten (10) cubes.
  A. Each cube housing 15-16 inmates in very limited living spaces.
  B. Twelve to thirteen of the sixteen inmates smoke and smoke inside the facility during a twent-four hour period of time.

III. The Annex is grossly understaffed at times there have been only one officer to each dorm. Officer in Dorm 11 has to monitor the pill line, in which no one monitors the dorm's living area. When certain Sargeants work, they infrequently monitor the dorm.

IV. Defendants in charge of the policy making have failed to implement adequate smoke control policies

Preliminary Injunction
Declaratory Relief

It is my belief in petitioning the court for a Prelimary Injunction or Declaratory Relief

I. We will be able to prove at trial that the defendants violated an established right (s).

II. We will likely suffer irrepairable harm if the court does not issue a Preliminary Injunction. While continuosly being subjected to unconstitutional high levels / unreasonable second-hand smoke.

III. The threat of harm as a non-smoker that I face out weighs any harm the Preliminary Injunction will cause the defendants.

IV. A Preliminary Injunction will serve the public interest

  A. Inmates returning to society with medical conditions aggravated, or created by the failure of officials to control or enforce their policy, rule, and regulation for the health safety and welfare of the non-smoker.

The Prison Litigation Reform Act that Congress passed in 1996 states:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

  It applies to current inmates only.

It does not apply to people who were released when they filed their lawsuits.

Exhaustion of Available Remedies

No administrative remedies at Tutwiler

There are no administrative remedies for inmates to exhaust in the Alabama department of corrections.

Before filing this Civil action - all available remedies were exhausted. Based on the requirements of "PLRA"

1. Inmate request to officials at the prison (Tutwiler Prison for women) and annex - no response.

2. letter to commissioner Donal Campbell. No responsy

3. Verbally to officers - response telling inmate to go outside and smoke.

4. Verbally to annex Supervisor Lt. Senita Hawthorne, a written suggestion to house non-smoking inmates in a cube together - where as to minimize the unreasonable amount of 2nd hand smoke that is unwillingly being forced to inhale - No response

# List of Parties
## Defendants

Defendants - Commissioner Donal Campbell who is current Commissioner of the Department of Corrections, being sued in his official and individual capacity:

Supervisory Liability

It is my belief and through other written documentation that this defendant is a final policy maker. As well as a Supervisor over the conditions, operations, and control over the wardens, Deputy Wardens, and the officers they supervise

Warden Gladys Deese - Being sued in her official and individual capacity. As warden is responsible / supervising the day to day operation at Julia Tutwiler Prison for Women / Annex.

Supervisory Liability

I. Supervising individuals and other officials working under her leadership and direction.

II. Maintaining inmate safety and security

III. Responding to inmate request

IV. Enforcing policies, rules and regulations written by the policy makers who are her supervisors

Deputy Warden Frank Albright - Being sued in his official and individual capacity working with the warden to supervise the day to day operations at the facility in this civil action to enforce policies, rules, and regulations pertaining to the safety and security of inmates.

Supervisory Liability

I. Responding to inmate request

II. Supervising lower line officials and officers

    A. Making sure they are performing their jobs

    B. As well as enforcing rules and regulations implemente by the policymakers

III. As well as other duties unknown to inmates


Lt. L. Hawthorne - Is the Tutwiler Prison Annex Administrator

Supervisory Liability

I. Is responsible for supervising Annex staff

II. Maintaining inmate safety and security

III. Responding to inmate request

IV. It is my belief and understanding that enforcing the NO SMOKING inside the facility or within ten (10) feet of the entrance and exit is part of maintaining inmate safety and security

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN
SERVED UPON _Attorney General for State of Ala._, BY THE U.S.
FIRST CLASS MAIL, THIS _16 th_ DAY OF _September_ , _2005_ .

PETITIONER