In The United State District Court
for The Middle District of Alabama

Northern Division

RECEIVED
2005 SEP 21  A 10: 31
[illegible stamp]
MIDDLE DISTRICT
MIDDLE DISTRICT OF ALA

)
)
PERRION ROBERTS )
    Plaintiff )    Case# 2:05-cv-578-7
)
vs )
Donal Campbell, et al )
   Defendant )

## Plaintiff Response to Defendants Motion to Deny Injunctive Relief

1. As the plaintiff in the above civil Action, the defendant was ordered by the Court to provide a copy of Laube v. Haley 2:02-CV 000-957-MHT. Which was used by the defendants stating that Injunctive Relief in this pending case should be barred. The defendants failed to comply.

2. If the defendants are unable to provide a copy of this case as the plaintiff I am asking the court to rule in my favor the request for Injunctive Relief is not moot. Because Injunctive Relief remains necessary to correct this on going violation of the Eighth Amendment as well as their own policies, rules, & regulation. The defendants motion should be denied.

## Injunctive Relief

As the Plaintiff in the Pending Civil Case, U.S.C. § 1983 the Defendant argues in their response that Laube V. Haley (2:02-CV-000957 MHT) gives them cause to petition the court stating that I am barred from obtaining "Injunctive Relief". Whereas the Court ordered the Defendants to provide me a copy of the case in question this has not been done.

The Defendants provided a copy of Laube, et al Plaintiffs v. Campbell, et al Defendants Civil Action # CV-02-T-957-N Class Action. In this case there is at no time any reference made to smoking and the effects that it can and has on my health and safety now or in the future.

The Injunctive Relief being sought in this Civil Action is the enforcement of what the Defendants own Exhibit #4 Article I General Topic Smoke/Tobacco free Policy it is written: This (ADOC) (AR) establishes responsabilities, policies and procedures to provide a healthful etc. environment. Due to the Defendants failure to adequately control in house smoking, which is known to be a Health Hazard there is a need for Injunctive Relief. It is my belief that the Defendants own Exhibits shows that they should be held liable in this civil action.

The Medical Argreement Settlement Laube, et al v. Campbell

et al., Defendants Class Action CV-02-T-957-N
Does not resolve, adjudicate, or bar damages claims.
The Defendants agreed to this 2004,

Plaintiffs Response To Defendants Motion
For Summary Judgement


Because the Defendants have failed to meet their
burden of demonstrations that there is no dispute As
to any material fact and the attached exhibits shows that
the Air Pollutant Tobacco Smoke is a known Health Hazard
now and in the future, while Violating My Clearly
established Constitutional rights as well as their
Smoke-Free Policy, this Court should deny Defendants
motion.

Plaintiffs Response -
Defendants are not entitled to Relief under
42 U.S.C. § 1997 e(e).
The Defendants argue that Plaintiff has not suffered
any Physical Injury and is therefore not entitled to
receive damages under 42 U.S.C. § 1997 e(e) This plainly
incorrect. As the Plaintiffs Declaration Shows (Attached).
These injuries are indisputably "physical" in nature more
than deminimis

Conclusion:
It is my belief and understanding as well as research
and documentation shows the court and society recanizes
Environmental Tobacco Smoke as a Health Hazard to present
and future medical conditions. Any level of "ETS" is

known to have adverse effects on ones health even in prison.

Because of all changes in law and attitude of Society Smoking is Prohibited in most Public Places etc. including Jails and prisons

The Defendants themselves have a NO Smoking Policy but because of their failure to adequately control in house Smoking I have been Constantly subjected to unwillingly, unconstitutional, unreasonable levels of "E.T.S."

Because of the threat or continued failure by the Defendants to Control in house smoking even with their no smoking policy in effect the deprivations will be on going without the court;

I. Denying a Dismissal
II. Denying a Summary Judgement
III. Denying Immunity
IV. Granting Injunctive / Declaration Relief

It is my belief that by the Defendants implementing a No smoking Policy they are aware of the Danger of Tobacco Smoke (Air Pollutant) to an Inmates Health Safety, + Welfare now and in the Future. Totally, willfully, deliberately disregarding my Health Short and a Long Term effect of being subjected unwillingly to level of unreasonable, unconstitutional levels of "ETS." For a profit gained from the Sale of Tobacco Products.

For all the above reasons as well as exhibits, other evidence Injunctive Relief should be granted. Other relief as the Court deems necessary. Including any and all relief surrounding the filing of this U.S.C. § 1983 Any misspelled words or other errors are not to be done to mislead the Court but are errors.

Sincerely,

PERRION Roberts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN

SERVED UPON _Attorney General_ BY THE U.S.

FIRST CLASS MAIL, THIS _19th_ DAY OF _September_, _2005_.

PETITIONER

_Perrion Roberts_