IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRION ROBERTS, #159116, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-578-MEF |
| ) | [WO] |
| ) | |
| DONAL CAMPBELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Perrion Roberts ["Roberts"], a former state inmate, alleges correctional officials violated her constitutional rights by allowing her exposure to unreasonable levels of environmental tobacco smoke ["ETS"] during her incarceration at the Julia Tutwiler Prison for Women ["Tutwiler"]. Specifically, Roberts contends the defendants acted with deliberate indifference to her health and safety by failing to properly enforce the prison's no-smoking policy.[1] Roberts names Donal Campbell, former

---

[1] The Smoke/Tobacco Free Policy of the Alabama Department of Corrections ["ADOC"] reads, in pertinent part, as follows:
> It is the policy of the ADOC that all ADOC owned or leased buildings, facilities, and vehicles will be smoke-free.... Smoking is strictly prohibited within all ADOC building[s]/institutions.... Smoking will be permitted outside all buildings/institutions only at designated smoking areas. Designated smoking areas will not be closer than ten (10) feet to the entrance of the building/institution. A fire resistant receptacle for cigarette butts will be available in this area.... "Non-smoking" signs shall be posted at all building entrances and throughout the building.

*Defendants' Exhibit 4 (Administrative Regulation No. 009) - Court Doc. No. 12-5* at 1-2. The smoking policy in effect at Tutwiler relevant to this case establishes that:
> The purpose of this policy is to prohibit smoking and the use of smokeless tobacco within all buildings ... at Julia Tutwiler Prison for Women and the Department of Corrections.... This policy will apply to all employees [and] inmates ... entering any building at Tutwiler.... It will be the responsibility of all employees to implement and abide by this policy. It will

commissioner of the Alabama Department of Corrections, and warden Gladys Deese, deputy warden Frank Albright and Lt. Lenita Hawthorne, correctional officials employed at Tutwiler when the actions about which she complains occurred, as defendants in this cause of action. Roberts seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of her constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Roberts' claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of August 17, 2005 - Court Doc. No. 13*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is

---

be the responsibility of all inmates to abide by this policy.... Smoking at Tutwiler is strictly prohibited in the interior portions of any and all portions of all buildings and structures.... Smoking is permitted "ONLY" outside of buildings and vehicles on state property.... Possession of cigarettes and matches by inmates in Dorm 8 (Tutwiler's medical dorm) is prohibited.... Inmates who fail to comply with this policy will be charged with violation of Rule #85 - Violation of Institutional Rules and Regulations. Employees who fail to comply with this policy will be charged ... and disciplined accordingly.

*Defendants' Exhibit 5 - Court Doc. No. 12-6* at 1-2.

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)). Thus, to survive the defendants' properly supported motion for summary judgment, Roberts is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting her claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Specifically, the plaintiff must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenburg*, 498 F.3d at 1263. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995);

*Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Hence, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to her case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of

material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Roberts has failed to demonstrate requisite genuine issues of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Roberts complains the defendants failed to protect her from exposure to harmful levels of ETS. "The Eighth Amendment governs 'the treatment a prisoner receives in prison and the conditions under which he is confined.' *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)." *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005 (per curiam). Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...."

5

*Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844.  Thus, in order to survive summary judgment on this claim, Roberts is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994)." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003); *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (To establish that a prison official acted with deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.").

> [A] prisoner can state a cause of action under the Eighth Amendment for exposure to ETS by "alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35, 113 S.Ct. 2475. As for the objective factor, the prisoner must show that he himself is being exposed to unreasonably high levels of ETS. *Id.* Relevant facts will include whether the prisoner remains housed in the environment and whether the facility has enacted a formal smoking policy. *Id.* at 35-36, 113 S.Ct. 2475.  The objective factor further considers "a scientific and statistical

> inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS ... [and] also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id*. at 36, 113 S.Ct. 2475 (emphasis in original). As for the subjective factor, the prisoner must show that prison authorities demonstrated a "deliberate indifference" to his plight. *Id*. The adoption of a smoking policy "will bear heavily on the inquiry into deliberate indifference." *Id*.

*Hicks*, 400 F.3d at 1284.

In this case, Roberts alleges she suffered irritation to her eyes, nose and throat, an increased heart rate, headaches and shortness of breath during her incarceration. She also references the possibility of contracting lung cancer in the future. Roberts states her "belief" that the health issues suffered in prison and the potential for lung cancer are directly related to her being subjected to excessive levels of ETS due to the defendants' failure to enforce the no-smoking policy. *Exhibit A to the Plaintiff's Response in Opposition to the Defendants' Special Report - Court Doc. No. 20-2* at 4.

The evidentiary materials submitted by the defendants refute the plaintiff's conclusory allegations that they failed to enforce the no-smoking policy and, thereby, knowingly exposed her to excessive amounts of ETS. "[T]he officers enforce the smoke-free policy to the best of their ability. Officers do not knowingly expose inmates to second-hand smoke; in fact inmates who are caught violating the no-smoking rule are reprimanded with disciplinary action and are placed in a segregated dormitory for a length of time to be determined by the disciplinary hearing officer. Alabama Dept. of Corrections

has taken great strides to make certain that the statewide smoke-free policy is enforced." *Defendants' Exhibit 1 (Affidavit of Gladys Deese) - Court Doc. No. 12-2* at 1. "The staff assigned to Tutwiler Prison for Women has been instructed to enforce the no smoking rules of the Alabama Department of Corrections. I have not, nor have the staff, knowingly exposed the Plaintiff to any second hand smoke. A great effort has been given by the staff to discipline all inmates who are in violation of the smoke free policy.... The staff is constantly trained to enforce [the no-smoking regulation and policy] to ensure no inmate is allowed to smoke at anytime within any building [at Tutwiler]." *Defendants' Exhibit 2 (Affidavit of Frank Albright) - Court Doc. No. 12-3* at 1; *Defendants' Exhibit 3 (Affidavit of Lenita Hawthorne) - Court Doc. No. 12-4* at 1 ("It is against the rules and regulations to smoke inside the dormitories. Violators of the no-smoking rules receive disciplinary action. I am also not aware of any staff member allowing inmates to violate the no-smoking policy.").

Roberts fails to proffer any evidence, other than her own self-serving statements, that she was exposed to levels of ETS which posed an unreasonable risk to her health. Moreover, Roberts offers no significantly probative or credible evidence that her health issues are causally linked to her exposure to ETS at Tutwiler. Furthermore, with respect to the relevant factor of "whether the prisoner remains housed in the environment[,]" Roberts is no longer incarcerated in the Alabama prison system, "and, therefore can no longer be exposed to ETS at [Tutwiler]." *Hicks*, 400 F3d. at 1284-1285. Consequently,

8

Roberts "fails to objectively show that [she] was exposed to unreasonably high levels of ETS and that the risk to [her] health was so 'grave' as to 'violate contemporary standards of decency.'" *Id*. at 1285. Additionally, even if Roberts could satisfy the objective factor of her claim, she fails on the subjective component. The record is completely devoid of any evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to the plaintiff, that the defendants actually drew this inference and thereafter ignored the attendant risk of harm. Roberts has therefore failed to establish the requisite element of subjective awareness on the part of the defendants. *Hicks*, 400 F.3d at 1285; *Carter*, 352 F.3d at 1350. Thus, Roberts has not shown that the defendants, acting with deliberate indifference, exposed her to unreasonable levels of ETS which posed a substantial risk of harm to her health.

In light of the foregoing, the court concludes that summary judgment is due to be granted in favor of the defendants as Roberts fails to satisfy the standards articulated in *Helling*. *Hicks*, 400 F.3d at 1285.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that on or before February 11, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of January, 2008.

　　　　　　　　　　　　　　　　　/s/ Wallace Capel, Jr.
　　　　　　　　　　　　　　　　WALLACE CAPEL, JR.
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE